# EXHIBIT A

92603

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SHAMROCK FOODS COMPANY DBA SHAMROCK FOODS TRANSPORTATION, CO, an Arizona Corporation; and DOES 1 TO 40, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JONATHAN SMITH

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Riverside
5/28/2021
J. Bishop
Electronically Filed

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: *(El nombre y dirección de la corte es):*
Riverside Historic Courthouse, 4050 Main Street, Riverside, California 92501

CASE NUMBER: *(Número del Caso):*
**CVRI2102628**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen M. Rinka, The Rinka Law Firm, PC, 9440 Santa Monica Blvd., #301, Beverly Hills, CA 90210; ph. 310-556-9653

DATE: **5/28/2021**
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [X] as the person sued under the fictitious name of *(specify):*
    Shamrock Foods Company DBA Shamrock Foods Transportation, CO, an Arizona Corporation
3. [X] on behalf of *(specify):*
    under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
    [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
    [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
    [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

|     |     |
| --- | --- |
| 1<br>2<br>3<br>4 | STEPHEN M. RINKA, SBN 219626<br>Email: srinka@rinkalaw.com<br>**THE RINKA LAW FIRM, PC**<br>9440 Santa Monica Blvd., Suite 301<br>Beverly Hills, California 90210<br>Telephone: (310) 556-9653<br>Facsimile: (310) 579-8768 |

**FILED**
Superior Court of California
County of Riverside

5/28/2021
J. Bishop
Electronically Filed

Attorneys for Plaintiff
JONATHAN SMITH

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| JONATHAN SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>SHAMROCK FOODS COMPANY DBA SHAMROCK FOODS TRANSPORTATION, CO, an Arizona Corporation; and DOES 1 TO 40, inclusive,<br><br>    Defendants. | Case No. **CVRI2102628**<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. Disability Discrimination [Government Code §12900 *et seq.*]<br>2. Disability Harassment [Government Code §12900 *et seq.*]<br>3. Wrongful Termination - FEHA [Government Code §12940(a)]<br>4. Failure to Prevent Discrimination<br><br>**Demand for Jury Trial On All Causes of Action** |

Plaintiff, Jonathan Smith ("Smith" or "Plaintiff") complains of Defendants Shamrock Foods Company dba Shamrock Foods Transportation Inc. ("Shamrock") and DOES 1 – 40 (collectively referred to as Defendants) and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Jonathan Smith is an individual residing in the County of San Bernardino, State of California.

2. Defendant Shamrock Foods Company dba Shamrock Foods Transportation Inc., is an Arizona Corporation, doing business in Riverside County at 12400 Riverside Drive, Eastvale, CA 91752.

COMPLAINT
CASE NO.:

3. The true names and capacities of the Defendants, DOES 1 through 40, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges that each of the DOE Defendants are, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

4. Plaintiff is informed and believes, and thereon alleges, that at all material times each Doe Defendant's actions and conduct were known to, authorized, and ratified by Shamrock and/or its agents. Plaintiff is informed and believes, and thereon alleges, that all conduct by the individual Defendants that was outside of the scope of their authority was known to, authorized, and ratified by the co-defendants and/or Shamrock and/or its agents.

5. Plaintiff is informed and thereon alleges that the Defendants knowingly and willfully conspired and agreed among themselves to do the acts herein alleged. Defendant did those acts in furtherance of their conspiracy. Defendants furthered their conspiracy by cooperation, lending aid, encouragement, ratification, and adopting the acts of each other.

6. At all times relevant herein, Defendant Does 1 through 50 were acting in the course and scope of their employment as an agent, manager, director, and/or employee of Defendant Shamrock.

7. Plaintiff is informed and believes that at all times relevant to this complaint Defendants and each of them acted within the scope of their legal employment and authorized agent for Shamrock. Therefore, any liability under this complaint that is found against or which applies to any individual or all individual Defendants also applies to Shamrock under the legal doctrine of respondent superior. The acts or omissions of each individual Defendant are the acts and omissions of Shamrock.

8. Venue is proper in this jurisdiction pursuant to California Code of Civil Procedure § 395(a) because all defendants are subject to personal jurisdiction in this district and a substantial part of events or omissions giving rise to the claim originated in this judicial district.

COMPLAINT
CASE NO.:                                             - 2 -

## ALLEGATIONS COMMON TO ALL PARTIES

9. Defendant Shamrock is a food distributor that serves the restaurant industry. Plaintiff began working for Defendant Shamrock in April 2020 as a delivery driver. Along with driving food products to various restaurants, Plaintiff was also required to unload the food products off the truck and using a dolly, bring the food products inside the restaurant. Because some of the deliveries could be rather large, the product could be quite heavy.

10. On or about October 8, 2020, Plaintiff was making a delivery when his left leg slipped on the floor causing it to go up. Naturally, Plaintiff became unbalanced causing him to bang his left elbow, shoulder, back and head. Given the nature of Plaintiff's injuries, he was required to file a Worker's Compensation claim and go on modified duty.

11. From the moment that Plaintiff suffered his injury Defendants did everything possible to make Plaintiff's work environment miserable so that he would quit. Plaintiff saw the doctor on the day of his injury and the doctor told him to take time off. However, when Plaintiff told Defendants that the doctor said he should take time off, Defendants denied this accommodation. Instead, they required Plaintiff to continue working, against doctor's orders.

12. Because of the pain that Plaintiff was feeling the day after his injury, he had to take the day off. Defendants wrote Plaintiff up for taking this day off.

13. For the first four months following his injury, Plaintiff took temperatures of employees as part of Covid screening. However, it was clear that Defendants were upset with Plaintiff and looking for any reason to write him up in order to create a pre-text for his termination. Moreover, Defendants did not really believe that Plaintiff was injured, telling Plaintiff that if he was really hurt he would not laugh with fellow co-workers. Plaintiff was harassed for parking in a handicap spot, despite having a handicap placard. Essentially, Defendants were calling Plaintiff a liar, despite the fact that Plaintiff was absolutely injured as a result of his slip on October 8th.

14. In addition, Defendants cut Plaintiff's pay rate. Defendants also changed his working hours. One week Plaintiff would work from midnight to 8:00 a.m. Then his scheduled would be changed to 8:00 a.m. to 4:00 p.m., creating a hardship on Plaintiff because it would be

1   difficult to make plans with such a wildly inconsistent schedule. Nevertheless, Plaintiff always
2   accommodated Defendants' request for sudden schedule changes.
3       15.   Additionally, Plaintiff was told that due to the number of drivers who have been
4   injured on the job, they cut his working hours from 8 hours to 4 hours. Naturally, with this many
5   workers injured, Defendants would do anything to try and unload these disable workers from
6   their payroll, including Plaintiff.
7       16.   Because Defendants continually changed Plaintiff's schedule from week to week,
8   he would receive his schedule either by text or he would be contacted on his telephone by human
9   resources letting him know his schedule.
10      18.   Taniera from Defendants' Human Resources contacted Plaintiff on Friday
11  February 26, 2021, to see if he was able to come in on Monday March 1, 2021 and work from
12  Midnight to 8 a.m. Taniera told Plaintiff that she will call back to confirm whether he was
13  needed for this shift.
14      19.   Plaintiff never heard back from Taniera so he did not go in at Midnight on March
15  1, 2021.
16      20.   Later that morning, on March 1, 2021, Andy, from Defendants' human resources
17  department, contacted Plaintiff, claiming that he was told to come in at Midnight on March 1,
18  2021 and that he failed to show up for work. Plaintiff stated that he never received a text or
19  telephone call to come into work on March 1, 2021 at midnight, so he did not abandon his job.
20  At this point, Plaintiff became frustrated and complained that he was getting contacted by
21  different people in human resources and being told different things, making it very difficult to
22  know who to listen to because Plaintiff was getting contradictory information. Out of frustration,
23  because of all the contradictory information, Plaintiff suggested that he have his attorney come
24  on the telephone in order to keep Defendants honest in their treatment of Plaintiff. Instead of
25  being subjected to misleading and contradictory information. It was right after this statement
26  that Andy abruptly hung up on Plaintiff.
27      21.   Later that same day, Plaintiff was terminated via text for allegedly not showing up
28  for work on March 1, 2021. However, this was a pre-text for the real reason Plaintiff was

The Rinka Law Firm, PC
9440 Santa Monica Blvd., Suite 301
Beverly Hills, California 90210

COMPLAINT
CASE NO.:                               - 4 -

terminated and that was due to his disability. Defendants clearly tried to create ways to get rid of Plaintiff because they were upset at the fact that he was injured during work and this provided them this opportunity.

22. Plaintiff filed a claim with the Department of Fair Employment and Housing against Defendants and obtained a right to sue letter.

### FIRST CAUSE OF ACTION

DISABILITY DISCRIMINATION

(As to All Defendants and DOES 1 – 10)

23. Plaintiff refers to and incorporates paragraphs 1 through 22 as though fully set forth herein.

24. The laws of the State of California, as declared by its constitution and statutory schemes, prohibit, among other things, employment discrimination because of disability.

25. As set forth above, Defendant treated Plaintiff differently than similarly situated employees who were not disabled. Namely, Defendants terminated Plaintiff due to his disability.

26. Plaintiff suffered from discrimination in violation of the Fair Employment and Housing Act ("FEHA"). The discrimination that Plaintiff suffered from Defendants included, but was not limited to the actions alleged herein, including Defendants' termination of Plaintiff's employment because of his disability.

27. As a proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits and additional amounts of money Plaintiff would have received if Plaintiff had not been terminated due to his disability. Also, a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotion and physical distress, and has been injured in body and mind.

28. Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual Defendant, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful

1 conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a
2 conscious disregard of the rights and safety Plaintiff, and after becoming aware of their wrongful
3 conduct, each business or corporate employer, through its officers, directors and managing
4 agents, and each individual Defendant, aided, abetted, authorized and ratified the wrongful
5 conduct herein alleged. Therefore, Plaintiff seeks exemplary and punitive damages against
6 Defendants in an amount according to proof.

## SECOND CAUSE OF ACTION

DISABILITY HARASSMENT

(As to All Defendants and DOES 11 – 20)

10  29.  Plaintiff refers to and incorporates paragraphs 1 through 28 as though fully set
11 forth herein.

12  30.  The laws of the State of California, as declared by its constitution and statutory
13 schemes, prohibit, among other things, employment harassment because of disability.

14  31.  As set forth above, Defendant harassed Plaintiff as a result of his disability.
15 Namely, Defendants changed Plaintiff's rate of pay, reduced his hours, and they would
16 constantly change his work schedule. Employees who were not disabled were not subjected to
17 this type of treatment.

18  32.  Plaintiff suffered from harassment in violation of the Fair Employment and
19 Housing Act ("FEHA"). The harassment that Plaintiff suffered from Defendants included, but
20 was not limited to the actions alleged herein, including Defendants' termination of Plaintiff's
21 employment because of his disability.

22  33.  As a proximate result of Defendants' harassing actions against Plaintiff, as alleged
23 above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits
24 and additional amounts of money Plaintiff would have received if Plaintiff had not been
25 terminated due to his disability. Also, a further proximate result of Defendants' discriminatory
26 actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered
27 humiliation, mental anguish, and emotion and physical distress, and has been injured in body and
28 mind.

The Rinka Law Firm, PC
9440 Santa Monica Blvd., Suite 301
Beverly Hills, California 90210

1  34. Plaintiff is further informed and believes that each business or corporate
2  employer, through its officers, directors and managing agents, and each individual Defendant,
3  had advance knowledge of the wrongful conduct set forth above and allowed said wrongful
4  conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a
5  conscious disregard of the rights and safety Plaintiff, and after becoming aware of their wrongful
6  conduct, each business or corporate employer, through its officers, directors and managing
7  agents, and each individual Defendant, aided, abetted, authorized and ratified the wrongful
8  conduct herein alleged. Therefore, Plaintiff seeks exemplary and punitive damages against
9  Defendants in an amount according to proof.

### THIRD CAUSE OF ACTION

WRONGUL TERMINATION IN VIOLATION OF FEHA

(As to Defendants SHAMROCK and DOES 21 – 30)

13  35. Plaintiff refers to and incorporates paragraphs 1 through 34 as though fully set
14  forth herein.
15  36. The laws of the State of California, as declared by its constitution and statutory
16  schemes, prohibit, among other things, employment discrimination and harassment because of
17  disability.
18  37. Defendants treated Plaintiff, who was disabled due to his work injury, less
19  favorably than similarly situated employees who were not disabled. Defendants discriminated
20  against Plaintiff in the terms and conditions of his employment on the basis of his protected
21  group status (disability), in violation of California law.
22  38. Furthermore, California law makes it improper to terminate an employee due to
23  that employee's disability or that employee requesting to accommodate said disability. In this
24  instance, Plaintiff was terminated due to his disability after being subjected to months of
25  harassment due to his disability.
26  39. As set forth above, Defendant treated Plaintiff differently than similarly situated
27  employees who were not disabled due to a work injury, namely Defendants terminated Plaintiff.
28  40. As a proximate result of Defendants' illegal termination of Plaintiff, as alleged

1 above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits
2 and additional amounts of money Plaintiff would have received if Plaintiff had not been
3 terminated due to his disability.  Also, a further proximate result of Defendants' actions against
4 Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation,
5 mental anguish, and emotion and physical distress, and has been injured in body and mind.

      41.    Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual Defendant, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct, each business or corporate employer, through its officers, directors and managing agents, and each individual Defendant aided, abetted, authorized and ratified the wrongful conduct herein alleged.  Therefore, Plaintiff seeks exemplary and punitive damages against Defendants in an amount according to proof.

## FOURTH CAUSE OF ACTION

### FAILURE TO TAKE REASONABLE AND NECESSARY STEPS TO PREVENT DISCRIMINATION

(As to Defendants SHAMROCK and DOES 31 – 40)

      42.    Plaintiff refers to and incorporates paragraphs 1 through 41 as though fully set forth herein.

      43.    At all times material, Defendants had a statutory duty to their employees, including Plaintiff, to take all reasonable and necessary steps to prevent discrimination, under Government Code section 12940(k).  Moreover, it was reasonably foreseeable that the breach of such duty would cause Plaintiff to sustain injuries and damages if Plaintiff were subjected to the wrongful conduct of the Defendants which is described herein above.

      44.    Pursuant to *Trujillo v. North County Transit District*, 63 Cal.App.4th 280 (1998), Plaintiff has a right to bring a tort cause of action for such breach of duty.

      45.    In spite of Defendants' duty to take all reasonable steps to prevent discrimination

The Rinka Law Firm, PC
9440 Santa Monica Blvd., Suite 301
Beverly Hills, California 90210

from occurring, including a duty to train employees in the avoidance of discrimination and a duty to conduct an investigation after Plaintiff's complaint(s) were made, Defendants intentionally or carelessly breached such duty causing Plaintiff damages, according to proof.

    WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages in an amount to be established according to proof at trial;

2. For interest in the amount of the maximum amount permitted by law;

3. For special damages;

3. For punitive damages and exemplary damages as are determined just according to proof, all in a sum to be determined at trial;

4. For statutory damages;

5. For attorneys' fees;

6. For costs of suit incurred herein; and

7. For all such other relief as the Court shall deem just and appropriate.

Dated: May 28, 2021      THE RINKA LAW FIRM

By: *[signature]*
STEPHEN M. RINKA
Attorneys for Plaintiff
JONATHAN SMITH

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all his claims.

Dated: May 28, 2021      THE RINKA LAW FIRM

By: *[signature]*
STEPHEN M. RINKA
Attorneys for Plaintiff
JONATHAN SMITH

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Stephen M. Rinka (SBN 219626)<br>The Rinka Law Firm, PC<br>9440 Santa Monica Blvd., Suite 301, Beverly Hills, CA 90210<br>TELEPHONE NO.: 310-556-9653  FAX NO. *(Optional):* 310-579-8768<br>ATTORNEY FOR *(Name):* Plaintiff Jonathan Smith | FOR COURT USE ONLY<br>**FILED**<br>Superior Court of California<br>County of Riverside<br>5/28/2021<br>J. Bishop<br>Electronically Filed |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Riverside 92501<br>BRANCH NAME: Riverside Historic Courthouse | |
| CASE NAME: Jonathan Smith v. Shamrock Foods Company | |

| **CIVIL CASE COVER SHEET**<br>[x] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000) | **Complex Case Designation**<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**CVRI2102628**<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   **Employment**
   [x] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Disability discrimination; Disability harassment; Wrongful Termination
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 28, 2021

Stephen M. Rinka
(TYPE OR PRINT NAME)                    ▶ *(signature)*  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
    - Asbestos Property Damage
    - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
    - Medical Malpractice–Physicians & Surgeons
    - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
    - Premises Liability (e.g., slip and fall)
    - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    - Intentional Infliction of Emotional Distress
    - Negligent Infliction of Emotional Distress
    - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
    - Legal Malpractice
    - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
    - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    - Negligent Breach of Contract/Warranty
    - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
    - Collection Case–Seller Plaintiff
    - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
    - Auto Subrogation
    - Other Coverage
- Other Contract (37)
    - Contractual Fraud
    - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
    - Writ of Possession of Real Property
    - Mortgage Foreclosure
    - Quiet Title
    - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
    - Writ–Administrative Mandamus
    - Writ–Mandamus on Limited Court Case Matter
    - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
    - Review of Health Officer Order
    - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
    - Abstract of Judgment (Out of County)
    - Confession of Judgment *(non-domestic relations)*
    - Sister State Judgment
    - Administrative Agency Award *(not unpaid taxes)*
    - Petition/Certification of Entry of Judgment on Unpaid Taxes
    - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
    - Declaratory Relief Only
    - Injunctive Relief Only *(non-harassment)*
    - Mechanics Lien
    - Other Commercial Complaint Case *(non-tort/non-complex)*
    - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
    - Civil Harassment
    - Workplace Violence
    - Elder/Dependent Adult Abuse
    - Election Contest
    - Petition for Name Change
    - Petition for Relief From Late Claim
    - Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

- ☐ BANNING 311 E. Ramsey St., Banning, CA 92220
- ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
- ☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882
- ☐ HEMET 880 N. State St., Hemet, CA 92543
- ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
- ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
- ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
Stephen M. Rinka (SBN 219626)
The Rinka Law Firm, PC
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210

TELEPHONE NO: 310-556-9653    FAX NO. (Optional): 310-579-8768
E-MAIL ADDRESS (Optional): srinka@rinkalaw.com
ATTORNEY FOR (Name): Plaintiff Jonathan Smith

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Riverside
5/28/2021
J. Bishop
Electronically Filed

PLAINTIFF/PETITIONER: Jonathan Smith
DEFENDANT/RESPONDENT: Shamrock Foods Company

CASE NUMBER: **CVRI2102628**

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: __91752__

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  May 28, 2021

Stephen M. Rinka
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _(signature)_

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/15/13]
(Reformatted 01/07/19)

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/localfrms/localfrms.shtml